

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# In Re: Asemani

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Asemani " (2005). *2005 Decisions.* Paper 657.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/657

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**HPS-138** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3302
_____

IN RE: GHAFOUR ASEMANI,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 03-cv-00964)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
July 29, 2005

Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES
(Filed: August 23, 2005)

_____

OPINION

_____

PER CURIAM.

Ghafour Asemani, a/k/a Billy G. Asemani, seeks a writ of mandamus to
compel the United States District Court for the Middle District of Pennsylvania to take
action on his motion for reconsideration. For the reasons that follow, we will deny the
petition.

1

On June 10, 2003, Asemani filed this action under <u>Bivens v. Six Unknown Named Agents of the federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) against various officials and employees of the Federal Bureau of Prisons. Asemani alleged numerous violations of his civil rights stemming from his incarceration at the Low Security Correctional Institution at Allenwood, Pennsylvania. On March 11, 2005, after extensive proceedings, the District Court granted summary judgement in favor of the defendants. Within ten days, Asemani sought reconsideration asking the District Court to rule on what he believed was an unresolved claim. An opposition was filed and briefing on the reconsideration motion was completed on April 25, 2005.

On July 6, 2005, Asemani filed this mandamus petition alleging that the District Court's delay in taking any action on his motion for reconsideration constitutes a failure to perform its duties.

A writ of mandamus is an extreme remedy that is invoked only in extraordinary circumstances. <u>Kerr v. United States Dist. Court</u>, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show a clear and indisputable right to the relief sought, <u>Gulfstream Aerospace Corp. v. Mayacamas Corp.</u>, 485 U.S. 271, 289 (1988), and that there are no other adequate means to attain the requested relief, <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980). As we have previously held, the management of its docket is committed to the sound discretion of the District Court. <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982).

2

When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chem. Corp., 449 U.S. at 35-36. Nonetheless, some delays are so prejudicial that they violate due process and justify granting extraordinary relief. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996); see also Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (finding a fourteen-month delay due to a congested docket impermissible).

Asemani has not demonstrated in his petition that the delay in this case is so extraordinary and prejudicial so as to violate due process. We are confident that the District Court will rule on Asemani's reconsideration motion without undue delay. The petition for a writ of mandamus is therefore denied.